FILED
JAN - 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LANI GLEAVES, 1858 Kendall St.,
apt. #1, N.E.
WDC 20002

Plaintiff,

vs.

NELSON, HIRSCH &
ASSOCIATES, INC.,

Defendant.

Case: 1:11-cv-00042
Assigned To : Leon, Richard J.
Assign. Date : 1/5/2011
Description: General Civil

JURY DEMAND ENDORSED HEREON

*JURY ACTION*

## COMPLAINT

NOW COMES the Plaintiff, LANI GLEAVES, by and through her attorney, JONATHAN E. AGIN, and for her Complaint against the Defendant, NELSON, HIRSCH & ASSOCIATES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Washington, D.C.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Georgia, which is not licensed to do business in the District of Columbia, and which has its principal place of business in Tyrone, Georgia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about January 4, 2010, Defendant's representatives and/or employees, including, but not limited to Ms. Love (first name unknown), began contacting Plaintiff by telephone, often multiples times per day, in attempts to collect an alleged debt, but failed to identify themselves as debt collectors during the course of each communication.

8. The aforementioned telephone calls sometimes numbered as many as fifteen (15) to twenty (20) calls per day. Further, Defendant's representatives and/or employees sometimes used obscene, profane and/or abusive language during the calls.

9. The aforementioned telephone calls were placed to Plaintiff at her place of employment even after Defendant's representatives and/or employees were informed that Plaintiff's employer did not permit Plaintiff to receive personal telephone calls while she was working.

10. On more than one occasion, Defendant's representatives and/or employees spoke with Plaintiff's co-workers and disclosed the name of Defendant's company her co-workers.

11. On or about February 9, 2010, Plaintiff sent written notice to Defendant requesting that Defendant cease all communications with Plaintiff.

2

12. However, telephone calls from Defendant's representatives and/or employees to Plaintiff in attempts to collect the aforementioned alleged debt continued despite Plaintiff's request as outlined above.

13. Moreover, Defendant never sent written notice to Plaintiff regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   b. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such telephone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

   c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   d. Continuing to communicate with Plaintiff after Defendant was notified in writing that she refused to pay the debt and/or that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

e. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

f. Causing a telephone to ring or engaging Plaintiff and her co-workers in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

g. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

h. Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LANI GLEAVES, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

Jonathan E. Agin (466256)
Attorney for Plaintiff
1012 14th Street, NW
Suite 415
Washington, DC  20005
(888) 493-0770, ext. 306 (phone)
(866) 551-7751 (facsimile)
jon@luxenburglevin.com